

**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF ILLINOIS
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60604

MICHAEL W. DOBBINS                                                     312-435-5698

December 7, 2007

Robert W. Kastenmeier
United States Courthouse
120 North Henry Street
Madison, WI 53703-4304

F I L E D
12-26-07
DEC 2 6 2007 CM

Dear Clerk:

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Re:   US v   Michael Patterson
      Our case number:   07 CR 809   - Northern District of Illinois

Dear Clerk:

Enclosed is a certified copy of the Probation Form 22, Transfer of Jurisdiction, regarding Michael Patterson, which has been accepted and assumed by this Court in the Northern District of Illinois, Eastern Division.

Please forward a certified copy of the indictment/information, judgment and docket along with the enclosed copy of this letter to the United States District Court at the above address. Your prompt attention to this matter is greatly appreciated.

                              Sincerely,

                              Michael W. Dobbins
                              Clerk

                    by:       Laura Springer, Deputy Clerk

Enclosure

PROB 22
(Rev. 02/88)

**07CR 809**

# TRANSFER OF JURISDICTION

DOCKET NUMBER (Tran. Court)
94-CR-49-S-01

DOCKET NUMBER (Rec. Court)

DOCKET #

| NAME & ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Michael Patterson | U.S. DISTRICT COURT WEST DIST. OF WISCONSIN Wisconsin | Madison |

MAGISTRATE JUDGE SCHENKIER
JUDGE DER-YEGHIAYAN

DEC 13 2007

NAME OF SENTENCING JUDGE
Honorable John Shabaz

FILED
THERESA M. OWENS, CLERK
CASE #

| DATES OF PROBATION/SUPERVISED RELEASE | FROM | TO |
|---|---|---|
| | 3/10/05 | 3/9/10 |

OFFENSE

Possession with Intent to Distribute a Schedule II Controlled Substance, Cocaine Base

## PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE **Western** DISTRICT OF **Wisconsin**

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the **Northern District of Illinois** upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

11/6/07
Date

_[signature]_
United States District Judge

*This sentence may be deleted in the discretion of the transferring court.

## PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE **Northern District of Illinois**

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after entry of this order.

DEC - 4 2007
Effective Date

_[signature]_
United States District Judge

**RECEIVED**

DEC 5 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

3 cc: USP
cc: USA
    FINANCE
    JCS
    NDIL FILE

A TRUE COPY-ATTEST
MICHAEL W. DOBBINS, CLERK
_[signature]_ Laura Springer
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS
DEC - 7 2007

CLOSED

# U.S. District Court
## Western District of Wisconsin (Madison)
## CRIMINAL DOCKET FOR CASE #: 3:94-cr-00049-jcs All Defendants
### Internal Use Only

Case title: USA v. PATTERSON, MICHAEL          Date Filed: 06/01/1994

Assigned to: Judge John C Shabaz

**Defendant**

**Michael Patterson** (1)                          represented by **Michael Patterson**
                                                   FCI WASECA#03751-090P.O. BOX 1731
                                                   WASECA, MN 56093-1731
                                                   *ATTORNEY TO BE NOTICED*
                                                   *Designation: CJA Appointment*

**Pending Counts**                                 **Disposition**

POSSESSION OF SCHEDULE II
CONTROLLED                                         Convicted/final plea of guilty.
SUBSTANCE-COCAINS BASE
(1)

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                              **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                     **Disposition**

None

A TRUE COPY. Certified DEC 20 2007
Theresa M. Owens, Clerk
U.S. District Court
Western District of Wisconsin
By _____ Deputy Clerk

**Plaintiff**

USA                              represented by

                                 ATTORNEY TO BE NOTICED

| Date Filed | # | Docket Text |
|---|---|---|
| 06/01/1994 |  | Jams Import Utility Entry (Entered: 06/01/1994) |
| 06/01/1994 |  | Criminal Charges/Counts (Entered: 06/01/1994) |
| 06/01/1994 | 1 | JS 44-CR (Entered: 06/02/1994) |
| 06/01/1994 | 2 | INDICTMENT (Entered: 06/02/1994) |
| 06/02/1994 |  | WARRANT ISSUED; DELIVERED TO USMS FOR SERVICE. (Entered: 06/02/1994) |
| 06/08/1994 | 3 | CTR MIN: ARRG.; N.GUILTY PLEA. 20 (Entered: 06/08/1994) |
| 06/08/1994 | 4 | CJA 20 APPOINTMENT FORM (GODRE) (Entered: 06/08/1994) |
| 06/10/1994 | 5 | WARRANT (Entered: 06/10/1994) |
| 06/10/1994 | 6 | ORDER SCHEDULING (SLC). (Entered: 06/10/1994) |
| 06/20/1994 | 7 | ORDER OF DETENTION PENDING TRIAL. CC MLD. (Entered: 06/20/1994) |
| 07/01/1994 | 8 | MOTION BY DEFT. FOR SETOVER OF EVIDENTIARY HEARING. (Entered: 07/01/1994) |
| 07/01/1994 | 9 | AFFIDAVIT OF CATHREEN A. GODRE. (Entered: 07/01/1994) |
| 07/01/1994 | 10 | MOTION BY DEFT. TO SUPPRESS EVIDENCE. (Entered: 07/01/1994) |
| 07/01/1994 | 11 | MOTION BY DEFT. TO SUPPRESS STATEMENTS AND REQ/EVID. HEARING. (Entered: 07/01/1994) |
| 07/01/1994 | 12 | MOTION BY DEFT. TO PRESERVE INVESTIGATOR'S NOTES. (Entered: 07/01/1994) |
| 07/01/1994 | 13 | MOTION BY DEFT. FOR EXCULPATORY EVIDENCE. (Entered: 07/01/1994) |
| 07/01/1994 | 14 | MOTION BY DEFT. FOR EARLY DISCLOSURE OF JENCKS ACT MATERIAL. (Entered: 07/01/1994) |
| 07/01/1994 | 15 | MOTION BY DEFT. FOR DISCOVERY. (Entered: 07/01/1994) |
| 07/01/1994 | 16 | MOTION BY DEFT. TO COMPEL DISCLOSURE OF FAVORABLE EVIDENCE. (Entered: 07/01/1994) |
| 07/05/1994 | 17 | MOTION BY DEFT. FOR DISCOVERY (SECOND). (Entered: 07/05/1994) |

| | | |
|---|---|---|
| 07/05/1994 | 18 | MOTION (AMENDED) TO SUPPRESS STMNTS. AND REQ. FOR EVID. HRG. (Entered: 07/05/1994) |
| 07/05/1994 | 19 | MOTION (AMENDED) BY DEFT. FOR SETOVER OF EVID. HRG. (Entered: 07/05/1994) |
| 07/06/1994 | 20 | CTR MIN: PTC; 2'30 (Entered: 07/06/1994) |
| 07/07/1994 | 21 | PTC ORDER (SLC) (Entered: 07/07/1994) |
| 07/13/1994 | 22 | TRANSCRIPT OF PRETRIAL & EVID. HRG. HELD 7/6/94. (Entered: 07/13/1994) |
| 07/20/1994 | 23 | BRIEF IN SUPPORT BY DEFT. OF MOT/SUPPRESS EVID. & STMNTS. (Entered: 07/21/1994) |
| 07/27/1994 | 24 | CTRM. MIN. OF CONT'D EVIDENTIARY HEARING. 1'30 (Entered: 07/27/1994) |
| 07/28/1994 | 25 | BRIEF IN SUPPORT (REVISED) BY DEFT. OF MOT/SUPPRESS EVID. (Entered: 07/28/1994) |
| 08/01/1994 | 26 | TRANSCRIPT OF CONTINUED EVIDENTIARY HEARING, HELD 07/27/94. (Entered: 08/01/1994) |
| 08/02/1994 | 27 | BRIEF IN OPPOSITION BY GOVT. TO DEFT'S MOTS/SUPPRESS EVIDENCE (Entered: 08/02/1994) |
| 08/05/1994 | 28 | BRIEF IN REPLY BY DEFT. IN SUPPORT OF MOT/SUPPRESS. (Entered: 08/08/1994) |
| 08/05/1994 | 29 | AFFIDAVIT OF CATHREEN GODRE. (Entered: 08/08/1994) |
| 08/12/1994 | 30 | MOTION IN LIMINE BY GOVT. (Entered: 08/12/1994) |
| 08/12/1994 | 31 | PROPOSED VOIR DIRE QUESTIONS BY GOVT. (Entered: 08/12/1994) |
| 08/12/1994 | 32 | PROPOSED JURY INSTRUCTIONS BY GOVT. (Entered: 08/12/1994) |
| 08/15/1994 | 33 | REPORT AND RECOMMENDATION THAT DEFT'S MOTS. TO SUPPRESS BE DENIED IN ALL RESPECTS. (SLC) (8/12/94) (Entered: 08/15/1994) |
| 08/18/1994 | 34 | CTR MIN: FPTC; PLEA HEARING TO BE SET. 5 (Entered: 08/18/1994) |
| 08/22/1994 | 35 | CTR MIN: PLEA HRG.; GUILTY PLEA ENTERED AS TO CT 1; PRS DUE 9/26; OBJ. 10/11; STCG. 10/20 1:00 PM.; DEFT DETAINED. (25) (Entered: 08/22/1994) |
| 08/22/1994 | 36 | PLEA AGREEMENT (Entered: 08/22/1994) |
| 08/23/1994 | 37 | DEFT'S OBJECTIONS TO MAGISTRATE'S REPORT & RECOMMENDATION. (Entered: 08/23/1994) |

| | | |
|---|---|---|
| 09/06/1994 | 38 | ORDER ADOPTING RECOMMENDATION OF MAGISTRATE; DENYING DEFT'S MOTS. TO SUPPRESS. (Entered: 09/06/1994) |
| 10/12/1994 | | REC'D DEFT'S OBJECTIONS TO PSR; FORWARDED TO JCS. (Entered: 10/12/1994) |
| 10/20/1994 | 39 | CTR MIN: SENT.; CT. 1 INDICT: CBOP 150 MOS; SR 5 YRS; SA $50;REST. $150 TO WIS. CRIME LAB. 40 (Entered: 10/20/1994) |
| 10/21/1994 | 40 | NOTICE OF APPEAL BY DEFT OF JUDGMT. NO FEE PD, JS FILED, SR SENT CC;PARTIES (94-3502) (Entered: 10/21/1994) |
| 10/25/1994 | 41 | TRANSCRIPT OF EXCERPT OF SENTENCING HELD 10/10/94. (Entered: 10/25/1994) |
| 10/28/1994 | 42 | JUDGMENT AND COMMITMENT - CT 1: 150 MOS. IMPRISONMENT; 5 YRS.S.R.; $150 RESTIT; $50 ASSESST; DEFT. DETAINED. cc mld. (Entered: 10/28/1994) |
| 11/02/1994 | 43 | COPY OF PSR W/ATTACHMENTS. (SEALED) (Entered: 11/02/1994) |
| 11/02/1994 | 44 | COPY OF SENT RECOMM. (SEALED) (Entered: 11/02/1994) |
| 11/02/1994 | | RECORD PREPARED (Entered: 11/02/1994) |
| 12/06/1994 | 45 | CJA 20 CERTIFIED FOR PAYMENT (PATTERSON/$2999.55) (Entered: 12/06/1994) |
| 12/12/1994 | 46 | TRANSCRIPT OF SENTENCING HELD 10/10/94. (Entered: 12/12/1994) |
| 01/12/1995 | 47 | CJA 21 CERTIFIED FOR PAYMENT (JANDA/$64.68). (Entered: 01/12/1995) |
| 02/01/1995 | | RECORD SENT (Entered: 02/01/1995) |
| 02/02/1995 | | Certified and Transmitted Record on Appeal to US Court of Appeals re [040] Notice of Appeal (Entered: 02/02/1995) |
| 04/27/1995 | 48 | PARTIAL SATISFACTION OF JUDGMENT RE: ASSESSMENT. (Entered: 04/28/1995) |
| 09/14/1995 | 49 | ORDER FROM USCA THAT DIST CRT IS AFFIRMED. (94-3502) RECORD RETURNED (Entered: 09/14/1995) |
| 06/06/1996 | 50 | MOTION BY DEFT. TO VACATE SENTENCE UNDER 28 USC 2255. (Entered: 06/06/1996) |
| 06/11/1996 | 51 | ORDER SETTING BRIEFING ON DEFT. 2255 MOT; MATERIALS DELIVEREDTO USMS FOR SERVICE ON U.S. ATTY. CC MLD. (6/7/96) (Entered: 06/11/1996) |
| 06/13/1996 | 52 | MARSHALS RETURN RE: 2255 MOTION. (Entered: 06/13/1996) |

| | | |
|---|---|---|
| 07/17/1996 | 53 | MOTION BY GOVT. FOR EXTENSION OF TIME TO FILE RESPONSE. (Entered: 07/17/1996) |
| 07/17/1996 | 54 | AFFIDAVIT OF JOHN W. VAUDREUIL. (Entered: 07/17/1996) |
| 07/24/1996 | 55 | ORDER GRANTING DEFT. MOT/EXTEND BRIEFING ON 2255 MOT; REPLY DUE 8/21/96. CC MLD. (Entered: 07/24/1996) |
| 08/07/1996 | 56 | BRIEF IN OPPOSITION BY GOVT. TO PETR. 2255 MOTION. (Entered: 08/07/1996) |
| 09/03/1996 | 57 | NOTIFICATION OF CHANGE OF ADDRESS OF PETR. (Entered: 09/03/1996) |
| 09/03/1996 | 58 | MOTION BY PETR. FOR ENLARGEMENT OF TIME TO REPLY TO GOVT. RESPONSE. (Entered: 09/03/1996) |
| 09/03/1996 | 59 | MOTION BY PETR. FOR TRANSCRIPTS. (Entered: 09/03/1996) |
| 09/10/1996 | 60 | ORDER GRANTING PETR. MOT/EXTENSION OF TIME; REPLY DUE N/L/T 9/23/96. (9/9/96) (Entered: 09/10/1996) |
| 09/16/1996 | 61 | ORDER THAT PETR'S MO FOR TRANSCRIPTS TO SUPPLEMENT THE RECORDIS DENIED. (Entered: 09/16/1996) |
| 09/25/1996 | 62 | BRIEF IN REPLY BY DEFT. IN SUPPORT OF 2255 MOTION. (Entered: 09/25/1996) |
| 09/30/1996 | 63 | ORDER DENYING REQ. FOR EVID. HEARING; DENYING PETR. MO/VACATESENTENCE. (Entered: 09/30/1996) |
| 10/09/1996 | 64 | NOTICE OF APPEAL BY DEFT. NO FEE PD, NO DS FILED, SR SENT CC;PARTIES (Entered: 10/09/1996) |
| 10/11/1996 | 65 | ORDER THAT PETR'S REQ TO PROC IFP IS DENIED, CERT OF APPEAL- ABILITY IS DENIED. (Entered: 10/11/1996) |
| 10/11/1996 | | RECORD PREPARED (Entered: 10/11/1996) |
| 10/11/1996 | 66 | COPY OF PSR W/ATTACHMENTS. (SEALED) (Entered: 10/11/1996) |
| 10/11/1996 | 67 | COPY OF SENT RECOMM. (SEALED) (Entered: 10/11/1996) |
| 10/15/1996 | | Certified and Transmitted Record on Appeal to US Court of Appeals re [064] Notice of Appeal (Entered: 10/15/1996) |
| 11/13/1996 | 68 | MOTION BY DEFT FOR PROCUCTION OF DOCUMENT. (Entered: 11/13/1996) |
| 11/14/1996 | 69 | ORDER THAT PETR'S MO FOR ORDER TO PRODUCE A LAB REPORT IS DENIED. (Entered: 11/14/1996) |
| 12/30/1996 | 70 | ORDER FROM USCA THAT APPEAL IS DISMISSED.(96-3576) RECORD RETURNED (Entered: 12/30/1996) |

| | | |
|---|---|---|
| 10/15/1999 | 71 | SATISFACTION OF JUDGMENT RE: RESTITUTION. (Entered: 10/15/1999) |
| 12/13/2007 | 72 | Order Transferring Jurisdiction of Supervision to Northern District of Illinois Signed by Judge John C Shabaz on 11/6/07. (mmo) (Entered: 12/13/2007) |
| 12/20/2007 | | Jurisdiction of Supervised Release Transferred to Northern District of IL as to Michael Patterson. Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (mmo) (Entered: 12/20/2007) |

# United States District Court

## Western District of Wisconsin

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| MICHAEL PATTERSON | Case Number: 94-CR-49-S-01 |

Defendant, __Patterson__, was represented by __Cathreen Godre__

☒ Defendant pleaded guilty to count(s) __I of the Indictment__.

☐ Defendant pleaded nolo contendere to count(s) _____

☐ Defendant was found guilty on count(s) _____ after a plea of not guilty.

DOCKET NUMBER 42
OCT 2 8 1994
FILED JOSEPH W. SK...

| Title & Section | Nature of Offense | Date Offense Concluded | Count Numbers |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with Intent to Distribute a Schedule II Controlled Substance, Cocaine Base | 4/21/94 | I |

Defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ Defendant has been found not guilty on count(s) _____.

☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.

Defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assignments imposed by this judgment are fully paid.

De____
Det____
Det____
____
____
____

October 20, 1994
Date of Imposition of Judgment

*[signature]*
John C. Shabaz
United States District Judge

October 24, 1994

A TRUE COPY. Certified
Date Signed

Theresa M. Owens, Clerk
U.S. District Court
Western District of Wisconsin

By _____ Deputy Clerk

CC: DEFT., USA, USM, PROBA., GODRE
Date 10/28/94

DEFENDANT: PATTERSON

CASE NUMBER: 94-CR-49-S-01

## IMPRISONMENT

Defendant is hereby committed to the custody of the United States Bureau of Prisons for a term of  150 months as to Count I of the Indictment  .

☒ The court makes the following recommendations to the Bureau of Prisons: That the last six months of the defendant's confinement be spent in a community corrections center with work release privileges, but without any home confinement whatsoever.

☒ Defendant is remanded to the custody of the United States Marshal.

☐ Defendant shall surrender to the United States Marshal for this district.

  ☐ at _____ a.m./p.m. on _____.

  ☐ as notified by the United States Marshal.

☐ Defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

  ☐ before 2 p.m. on _____.

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
        Deputy Marshal

Judgment--Page 3 of 7

DEFENDANT: MICHAEL PATTERSON
CASE NUMBER: 94-CR-49-S-01

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of five years as to Count I of the Indictment.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state, or local crime.

While on supervised release, the defendant shall not illegally possess a controlled substance.

While on supervised release, following conviction of a felony, the defendant shall not possess a firearm or destructive device.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth on the following page). The defendant shall also comply with the following special conditions:

1) Pay $150 restitution to the Wisconsin Crime Laboratory, 7100 Stewart Avenue, Wausau, Wisconsin 54401-9339; Case No. W94-0409. Restitution payments are to commence immediately and are to be paid through the National Fine Center. Interest is not to accrue on the unpaid restitution balance;

2) Register with local law enforcement agencies as directed by the supervising U.S. Probation Officer.

3) Allow searches by the supervising U.S. Probation Officer of any residence or property under the defendant's control where there is reason to believe the defendant is in possession of illegal narcotics, stolen materials, firearms, or other contraband and the defendant shall permit confiscation of the contraband materials;

3) Register with local law enforcement authorities as directed by the supervising U.S. Probation Officer; and

4) Abstain from illegal drug use and sales, and from associations with drug users and sellers, and participate in a program of drug counseling and urine surveillance as directed by the supervision U.S. Probation Officer.

DEFENDANT: MICHAEL PATTERSON
CASE NUMBER: 94-CR-49-S-01

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer;

2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) The defendant shall support his or her dependents and meet other family responsibilities;

5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances except as prescribed by a physician;

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: MICHAEL PATTERSON

CASE NUMBER: 94-CR-49-S-01

## FINANCIAL PENALTIES

Defendant shall pay the following total financial penalties in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| I | $50.00 | | $150.00 |
| **Totals:** | $50.00 | | $150.00 |

### FINE

The fine includes any costs of incarceration or supervision or both

All of the following payment options are subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court has determined that defendant does not have the ability to pay interest and it is ordered that:

☒ The interest requirement is waived.

☐ The interest requirement is modified as follows:

The Court finds the defendant does not have the earning potential now or in the future to pay a fine or the costs of his confinement or supervision, pursuant to §5E1.2(e) and (i). To impose such a fine would be unrealistic and would impair the defendant's ability to support himself and his dependent upon release.

### RESTITUTION

Defendant shall make restitution to the following persons in the following amounts:

Payable to the National Fine Center

| Name of Payee | Amount of Restitution | Priority Order of Payment |
|---|---|---|
| Wisconsin Crime Laboratory<br>7100 Stewart Avenue<br>Wausau, WI 54401-9339 | $150.00 | |

No interest shall accrue on the restitution.

Each restitution payment shall be divided proportionately among the payees named unless specified in the priority payment column above.

DEFENDANT: MICHAEL PATTERSON
CASE NUMBER: 94-CR-49-S-01

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

The total fine and other monetary penalties shall be due as follows:

☐ in full immediately.

☐ in full no later than _____.

☐ in _____ installments of $_____ over a period of _____ to commence 30 days after the date of this judgment. If this judgment imposes a period of incarceration, payment shall be due during the period of incarceration.

☒ The total fine and other monetary penalties shall be due in monthly installments commencing immediately. If this judgment imposes a period of incarceration, payment shall be due during the period of incarceration. During a period of probation or supervised release, payment shall be a condition of supervision and the entire financial penalty is due no later than six months before the expiration of supervision or no later than 5 years after release from incarceration, whichever occurs first.

☐ Defendant shall pay the costs of prosecution.

☐ Defendant shall forfeit defendant's interest in the following property to the United States.

All financial penalty payments are to be made to the National Fine Center, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

| UNITED STATES OF AMERICA | ) | INDICTMENT |
| --- | --- | --- |
| v. | ) | Case No. '94-CR-49-S |
| MICHAEL PATTERSON, | ) | 21 U.S.C. § 841(a)(1) |
| Defendant. | ) | |

---

THE GRAND JURY CHARGES:

### COUNT I

That on or about April 21, 1994, in the Western District of Wisconsin, the defendant,

MICHAEL PATTERSON,

knowingly and intentionally possessed cocaine base, a Schedule II controlled substance, with the intent to distribute the same.

(In violation of Title 21, United States Code, Section 841(a)(1)).

A TRUE BILL

_Peggy A. Lautenschlager_
Peggy A. Lautenschlager
United States Attorney

Indictment returned: 6-1-94

CC: DEFT., USA, USM, PROBA.

Date 6-3-94

A TRUE COPY Certified DEC 2007

By _____

Theresa M. Owens, Clerk
U.S. District Court
Western District of Wisconsin

By _____ Deputy Clerk